**E-filed 3/1/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND A. JACKSON,  )<br>     )<br>     Plaintiff,     )<br>     )<br>  vs.     )<br>     )<br>     )<br> OFFICER LEDWITH, et al.,     )<br>     )<br>     Defendants.     )<br>     ) | No. C 05-2620 JF (PR)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; DENYING MOTIONS FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(Docket Nos. 18, 25, 26) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. The Court initially dismissed the complaint and granted Plaintiff leave to file an amended complaint within thirty days. Thereafter, the Court granted Plaintiff's requests for an extension of time to file an amended complaint. Plaintiff filed an amended complaint on July 3, 2006. Plaintiff has filed two motions for appointment of counsel. On January 29, 2007, Plaintiff filed a motion for leave to file a second amended complaint and a second amended complaint. The Court will GRANT Plaintiff's motion to file a second amended complaint (docket no. 25) and DENY Plaintiff's motions for appointment of counsel (docket nos. 18, 26) without prejudice.

**DISCUSSION**

A.   Motion for Leave to File Second Amended Complaint

Plaintiff has filed a motion for leave to file a second amended complaint and a second amended complaint. A plaintiff may amend his complaint once as a matter of course at any time before a responsive pleading is served. See Fed. R. Civ. P. 15(a).[1] Where plaintiff seeks to amend after a responsive pleading has already been served, however, the decision whether to grant leave to amend is committed to the sound discretion of the trial court. Waits v. Weller, 653 F.2d 1288, 1290 (9th Cir. 1981). Federal Rule of Civil Procedure 15(a) is to be applied liberally in favor of amendments and, in general, leave shall be freely given when justice so requires. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); cf. id. (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause).

An amended complaint filed as a matter of course or after leave of court supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (original complaint that was not incorporated into pro se litigants' unsolicited amended complaint was properly ignored).

Here, Plaintiff requests leave of Court to file a second amended complaint. The Court has yet to review the merits of the second amended complaint and Defendants have not been served. Accordingly, the Court will GRANT Plaintiff's motion for leave to file

---

[1] A motion to dismiss is not a responsive pleading and "[n]either the filing nor granting of such a motion before answer terminates the right to amend . . . ." United States ex rel. Saaf v. Lehman Brothers, 123 F.3d 1307, 1308 (9th Cir. 1997).

1  a second amended complaint (docket no. 25).  The second amended complaint, filed on
2  January 29, 2007, is the operative complaint in this matter.
3  B.     Motions for Appointment of Counsel
4       Plaintiff has filed two motions for appointment of counsel.  Plaintiff contends that
5  appointment of counsel is necessary because he is unable to afford counsel and the issues
6  involved are complex.  Plaintiff maintains that his ability to litigate the case is limited due
7  to his incarceration, he has limited access to the law library and limited knowledge of the
8  law.
9       However, there is no constitutional right to counsel in a civil case.  Lassiter v.
10 Dep't of Social Services, 452 U.S. 18, 25 (1981).  28 U.S.C. § 1915 confers on a district
11 court only the power to "request" that counsel represent a litigant who is proceeding in
12 forma pauperis.  28 U.S.C. § 1915(e)(1).  This does not give the courts the power to make
13 "coercive appointments of counsel."  Mallard v. United States Dist. Court, 490 U.S. 296,
14 310 (1989).
15      The court may ask counsel to represent an indigent litigant under § 1915 only in
16 "exceptional circumstances," the determination of which requires an evaluation of both
17 (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate
18 his claims pro se in light of the complexity of the legal issues involved.  See Rand v.
19 Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997);  Terrell v. Brewer, 935 F.2d 1015, 1017
20 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of
21 these factors must be viewed together before reaching a decision on a request for counsel
22 under § 1915.  See id.   Neither the need for discovery, nor the fact that the pro se litigant
23 would be better served with the assistance of counsel, necessarily qualify the issues
24 involved as complex.  See Rand, 113 F.3d at 1525 (where plaintiff's pursuit of discovery
25 was comprehensive and focused and his papers were generally articulate and organized,
26 district court did not abuse discretion in denying request for counsel).
27      As the Court has not reviewed the merits of Plaintiff's second amended complaint
28

Order Granting Plaintiff's Motion for Leave to File Second Amended Complaint; Denying Motions for Appointment
of Counsel Without Prejudice
P:\pro-se\sj.jf\cr.05\Jackson620amendatty       3

to determine whether the claims are cognizable under 28 U.S.C. § 1915, the Court concludes that appointment of counsel is not necessary at this time. Accordingly, Plaintiff's motions for appointment of counsel (docket nos. 18, 26) are DENIED without prejudice. Plaintiff may request counsel at a later stage of the proceedings, if appropriate.

## CONCLUSION

Plaintiff's motion for leave to file a second amended complaint (docket no. 25) is GRANTED. The second amended complaint, filed on January 29, 2007, is the operative complaint in this matter. Plaintiff's motions for appointment of counsel (docket nos. 18, 26) are DENIED without prejudice. The Court will review Plaintiff's second amended complaint in a separate written order.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 3/1/07

JEREMY FOGEL
United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Armand A. Jackson
   T-64343
   CTF - North
4  P.O. Box 705
   Soledad, CA  93960-0705

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28