**Original filed 5/18/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMAND A. JACKSON, | ) | No. C 05-2620 JF (PR) |
| Plaintiff, | ) | ORDER OF SERVICE |
| vs. | ) | |
| OFFICER LEDWITH, et al., | ) | |
| Defendants. | ) | |

        Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The Court initially dismissed the complaint with leave to amend because the complaint failed to allege sufficient facts to state a claim under 42 U.S.C. § 1983.  Plaintiff filed an amended complaint.  Thereafter, on January 29, 2007, Plaintiff filed a motion for leave to file a second amended complaint and a second amended complaint.  The Court granted Plaintiff's motion for leave to file a second amended complaint.  The Court now reviews the second amended complaint and orders service of the second amended complaint on the named Defendants.

\\\

\\\

\\\

**BACKGROUND**

Plaintiff alleges that on January 21, 2005, he was subjected to excessive force by San Mateo Police Officer Mark Myer and Belmont Police Officer Ledwith during his detention and arrest. Plaintiff contends that the officers' excessive force was in retaliation for Plaintiff's eluding the police after he fled his vehicle. Plaintiff claims that the use of force employed by a taser gun subjected him to vomiting blood for three weeks and he could not hold down food for two weeks. Plaintiff maintains that Officer Myers pointed a gun with the direct intent to use force causing irreparable harm. Plaintiff names the following Defendants: Officer Ledwith, Belmont Police Department and Officer Myers, San Mateo Police Department. Plaintiff seeks declaratory relief and compensatory and punitive monetary damages. See Second Amended Complaint at 1-6.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Plaintiff's Claims

**1.    Excessive Force**

The use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. See Graham v. Connor, 490 U.S. 386, 394-95 (1989). Determining whether the force used to effect a particular seizure is reasonable requires a careful

1   balancing of the nature and quality of the intrusion on the individual's Fourth Amendment

2   interests against the countervailing governmental interests at stake.  Id. at 396.  Because the

3   reasonableness test is not capable of precise definition or mechanical application, its proper

4   application requires careful attention to the facts and circumstances of each particular case,

5   including the severity of the crime at issue, whether the suspect poses an immediate threat to the

6   safety of the officers or others, and whether he is actively resisting arrest or attempting to evade

7   arrest by flight.  Id.  These factors are not exclusive, however, and the totality of the particular

8   circumstances of each case must be considered.  See Fikes v. Cleghorn, 47 F.3d 1011, 1014 (9th

9   Cir. 1995).  This analysis also applies where there has not been a formal arrest, but there has

10  been a "seizure" within the meaning of the Fourth Amendment, i.e., the suspect reasonably

11  believes he is not free to leave.  Robinson v. Solano, 278 F.3d 1007, 1013-14 (9th Cir. 2002) (en

12  banc).  Police officers may also be held liable if they have an opportunity to intercede when their

13  fellow officers violate the constitutional rights of a plaintiff but fail to do so.  See Cunningham v.

14  Gates, 229 F.3d 1271, 1289-90 (9th Cir. 2000).

15       An officer's show of force is subject to Fourth Amendment reasonable requirements even

16  where no actual force is applied.  Motley v. Parks, 432 F.3d 1072, 1088-89 (9th Cir. 2005).

17  Pointing a gun at a suspect, even without harming him, can amount to excessive force and

18  violate his Fourth Amendment rights.  Robinson v. Solano, 278 F.3d 1007, 1013-14 (9th Cir.

19  2002) (en banc) (finding excessive force for police to point gun from a distance of three to six

20  feet at the head of suspected misdemeanant who was outnumbered by police, was approaching

21  them peacefully, and no longer carried shotgun as previously reported).  Keeping a gun pointed

22  at an infant is objectively unreasonable and will subject the officer to Fourth Amendment

23  liability.  Motley, 432 F.3d at 1089.

24       Liberally construed, Plaintiff has alleged a cognizable excessive force claim against the

25  named Defendants.  The Court will order service of this claim.

26       **2.       State Law Claims**

27       Plaintiff alleges that defendants' conduct violated various provisions of the California

28  Constitution.  The federal supplemental jurisdiction statute provides that "'district courts shall

1    have supplemental jurisdiction over all other claims that are so related to claims in the action

2    within such original jurisdiction that they form part of the same case or controversy under

3    Article III of the United States Constitution.'"  28 U.S.C. § 1367(a).  Liberally construed,

4    plaintiff's allegations satisfy the statutory requirement.  Accordingly, the Court will exercise

5    supplemental jurisdiction over plaintiff's state constitutional claims.

6                                              **CONCLUSION**

7            1.       The Clerk shall issue a summons and the United States Marshal shall serve,

8    without prepayment of fees, copies of the second amended complaint in this matter, received on

9    January 29, 2007, all attachments thereto, and copies of this order on the following Defendants:

10   Belmont Police Officer Ledwith, and San Mateo Police Officer Mark Myers.  The Clerk shall

11   also serve a copy of this order on Plaintiff.

12           In his second amended complaint, Plaintiff states that Officer Myers is no longer

13   employed by the San Mateo Police Department.  Plaintiff shall file additional  contact

14   information for Defendant Myers as soon as possible.

15           2.       In order to expedite the resolution of this case, the Court orders as follows:

16                    a.       No later than **sixty (60) days** from the date of this order, Defendants shall

17   file a motion for summary judgment or other dispositive motion, or shall notify the Court that

18   Defendants are of the opinion that this case cannot be resolved by such a motion.  The motion

19   shall be supported by adequate factual documentation and shall conform in all respects to

20   Federal Rule of Civil Procedure 56.

21           <u>**Defendants are advised that summary judgment cannot be granted, nor qualified**</u>

22   <u>**immunity found, if material facts are in dispute.  If Defendants are of the opinion that this**</u>

23   <u>**case cannot be resolved by summary judgment, they shall so inform the Court prior to the**</u>

24   <u>**date the summary judgment motion is due**</u>.

25           All papers filed with the Court shall be promptly served on Plaintiff.

26                    b.       Plaintiff's opposition to the dispositive motion shall be filed with the

27   Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion

28   is filed.  Ninth Circuit authority holds that the following notice should be given to plaintiffs:

1

2

3

   The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

4

5

6

7

8

9

10

11

12

   Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

13  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

14    Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex

15 Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing

16 summary judgment must come forward with evidence showing triable issues of material fact on

17 every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to

18 Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the

19 granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v.

20 Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th

21 Cir. 1994).

22    Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative

23 remedies under 42 U.S.C. § 1997e(a) will, if granted, end his case, albeit without prejudice.

24 Plaintiff must "develop a record" and present it in his opposition in order to dispute any "factual

25 record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d

26 1108, 1120 n.14 (9th Cir. 2003).

27    c.  Defendants shall file a reply brief no later than **fifteen (15) days** after

28 Plaintiff's opposition is filed.

1          d.     The motion shall be deemed submitted as of the date the reply brief is due.

2   No hearing will be held on the motion unless the Court so orders at a later date.

3          3.     All communications by the Plaintiff with the Court must be served on Defendant,

4   or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants'

5   counsel.

6          4.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

7   and the parties informed of any change of address and must comply with the Court's orders in a

8   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

9   pursuant to Federal Rule of Civil Procedure 41(b).

10         5.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

11  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

12  required before the parties may conduct discovery.

13         IT IS SO ORDERED.

14  DATED: __5/18/07_____

15                                    JEREMY FOGEL
                                      United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

1    A copy of this ruling was mailed to the following:

2

3    Armand A. Jackson
     T-64343
     CTF - North
4    P.O. Box 705
     Soledad, CA  93960-0705

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28