1
2
3
4
5
6
7
8                              NOT FOR CITATION
9                    IN THE UNITED STATES DISTRICT COURT
10                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

| | | |
|---|---|---|
| 12 | ARMAND A. JACKSON,        ) | No. C 05-2620 JF (PR) |
| 13 |                          ) | ORDER OF SERVICE UPON |
|    | Plaintiff,               ) | DEFENDANT MYERS; |
| 14 |                          ) | ORDER DIRECTING |
|    | vs.                      ) | PLAINTIFF TO EFFECTUATE |
| 15 |                          ) | SERVICE UPON OR |
|    |                          ) | PROVIDE COURT WITH |
| 16 | OFFICER LEDWITH, et al., ) | LOCATION INFORMATION |
|    |                          ) | FOR DEFENDANT |
| 17 |                          ) | LEDWITH; DENYING |
|    | Defendants.              ) | MOTION FOR DEFAULT |
| 18 |                          ) | |
|    |                          ) | (Docket No. 40) |

20        Plaintiff, a state prisoner proceeding pro se, filed a civil rights action pursuant to
21   42 U.S.C. § 1983.  After reviewing the second amended complaint, the Court found that it
22   stated cognizable claims against Defendants Mark Myers of the San Mateo Sheriff's
23   Department and Officer Ledwith of the Belmont Police Department for the use of
24   excessive force.  On May 18, 2007, the Court ordered the second amended complaint
25   served upon Defendant Ledwith and directed Plaintiff to provide location information for
26   Defendant Myers.
27
28

Order of Service upon Defendant Myers; Order Directing Plaintiff to Effectuate Service upon or Provide Court with
Location Information for Defendant Ledwith; Denying Motion for Default
P:\pro-se\sj.jf\cr.05\Jackson620srv2&4m            1

**DISCUSSION**

1. <u>Defendant Myers</u>

On July 2, 2007, Plaintiff provided the Court with Myers's location information. Accordingly, the Court will order service of the second amended complaint upon Myers at the location provided by Plaintiff.

2. <u>Defendant Ledwith</u>

The May 18, 2007 order directed the clerk to prepare the summons for service of the second amended complaint upon Ledwith, and the United States Marshal to effectuate such service. The Clerk prepared the summons for service of Ledwith at the Belmont Police Department, where Plaintiff indicated he was located. The Marshal returned the summons unexecuted because Ledwith was not located at the Belmont Police Department.[1]

In cases wherein the Plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The Court must appoint the Marshal to effect service, <u>see</u> Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, <u>see</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994). Although a Plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such Plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." <u>Rochon v. Dawson</u>, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, Plaintiff's second amended complaint has been pending for well over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. <u>See</u> Fed. R. Civ. P. 4(m). Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Ledwith, and consequently Plaintiff must remedy

---

[1] The Marshal indicated that Ledwith no longer works at the Belmont Police Department.

1 the situation or face dismissal of his complaint without prejudice.  See Walker v. Sumner,
2 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not
3 be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal
4 with sufficient information to effectuate service).  Accordingly, the claims against
5 Ledwith will be dismissed without prejudice under Rule 4(m) unless Plaintiff either
6 himself effects service upon Ledwith, or provides the Court with an accurate current
7 location such that the Marshal is able to effect service upon him.

## CONCLUSION

The Court hereby orders as follows:

1.      Plaintiff must either himself effect service on Defendant Ledwith, or provide the Court with an accurate current location such that the Marshal is able to effect service.  <u>If Plaintiff fails to effectuate service on Defendant Ledwith, or provide the Court with an accurate current location for said Defendant, within **thirty (30) days** of the date this order is filed, Plaintiff's claims against said Defendant will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

2.      The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the second amended complaint in this matter, received on January 29, 2007, all attachments thereto, and copies of this order on at **Officer Mark Myers of the San Mateo County Sheriff's Department, County Government Center, 400 County Center, Redwood City, California  94063**.  The Clerk shall also serve a copy of this order on Plaintiff and mail <u>a courtesy copy</u> of this order and the second amended complaint to the San Mateo County Counsel's Office.

3.      No later than **July 15, 2008**, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint found to be cognizable above.

   a.      If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C.

§ 1997e(a), Defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

        b.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.</u>**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

        a.    In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[2]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.    In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary  judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for

---

[2] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

1
2
3
4
5
6
7
8

summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5.     Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

     6.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

     7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

//

//

Order of Service upon Defendant Myers; Order Directing Plaintiff to Effectuate Service upon or Provide Court with Location Information for Defendant Ledwith; Denying Motion for Default
P:\pro-se\sj.jf\cr.05\Jackson620srv2&4m        5

1    8.   As Defendants have not been served, Plaintiff's motion for default
2 judgment is DENIED.
3    This order terminates Docket No. 40.
4    IT IS SO ORDERED.
5 DATED: 4/25/08

                                JEREMY FOGEL
6                               United States District Judge