NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAND A. JACKSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>OFFICER MIKE MYERS,<br><br>  Defendants. | No. C 05-02620 JF (PR)<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT; DENYING OTHER PENDING MOTIONS<br><br>(Docket Nos. 50, 53, 59) |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, Plaintiff filed an amended complaint, and subsequently requested, and was granted, leave to file a second amended complaint. On May 18, 2007, this Court found that the second amended complaint stated a cognizable claim of excessive force in violation of the Fourth Amendment against Defendant San Mateo Police Officer Mark Myers ("Myers").[1] Myers filed a motion for summary judgment on the

---

[1] The claims against the other Defendant named in the second amended complaint, Belmont Police Officer Ledwith, were thereafter dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Order Granting Motion for Summary Judgment
G:\PRO-SE\SJ.JF\CR.05\Jackson620msj.wpd

grounds that: (1) Plaintiff has not established that Myers violated his federal constitutional rights; and (2) Myers is entitled to qualified immunity. Plaintiff did not file an opposition, although he was given an opportunity to do so and was advised about the consequences of not filing an opposition. After reviewing the motion, the Court concludes that Defendant is entitled to summary judgment and will GRANT Defendant's motion as to all claims.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and [that] the moving party is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). Material facts are those that may affect the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See id.

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial... since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); see also Liberty Lobby, 477 U.S. at 248 (holding a fact is material if it might affect the outcome of the suit under governing law, and that a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). The moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial, it must

1  affirmatively demonstrate that no reasonable trier of fact could find other than for
2  the moving party.  But on an issue for which the opposing party will have the burden
3  of proof at trial, the moving party need only point out "that there is an absence of
4  evidence to support the nonmoving party's case." Id. at 325.  If the evidence in
5  opposition to the motion is merely colorable, or is not significantly probative,
6  summary judgment may be granted.  See Liberty Lobby, 477 U.S. at 249-50.

7  The burden then shifts to the nonmoving party to "go beyond the pleadings
8  and by her own affidavits, or by the 'depositions, answers to interrogatories, and
9  admissions on file,' designate 'specific facts showing that there is a genuine issue
10 for trial.'"  Celotex Corp., 477 U.S. at 324 (citations omitted).  If the nonmoving
11 party fails to make this showing, "the moving party is entitled to judgment as a
12 matter of law." Id. at 323.

13 In considering a motion for summary judgment, the court must view the
14 evidence in the light most favorable to the nonmoving party; if, as to any given fact,
15 evidence produced by the moving party conflicts with evidence produced by the
16 nonmoving party, the court must assume the truth of the evidence set forth by the
17 nonmoving party with respect to that fact.  See Leslie v. Grupo ICA, 198 F.3d 1152,
18 1158 (9th Cir. 1999).  The court's function on a summary judgment motion is not to
19 make credibility determinations or weigh conflicting evidence with respect to a
20 disputed material fact.  See T.W. Elec. Serv. V. Pacific Elec. Contractors Ass'n, 809
21 F.2d 626, 630 (9th Cir. 1987).

22 **II.     Legal Claims and Analysis**

23 Defendant Myers asserts, inter alia, that he is entitled to qualified immunity
24 from Plaintiff's claim that he used excessive force in violation of the Fourth
25 Amendment.  Under Saucier v. Katz, 533 U.S. 194 (2001), the court must undertake
26 a two-step analysis when a defendant asserts qualified immunity in a motion for
27 summary judgment.  The court first faces "this threshold question: Taken in the light
28 most favorable to the party asserting the injury, do the facts alleged show the

officer's conduct violated a constitutional right?" 533 U.S. at 201. If the court determines that the conduct did not violate a constitutional right, the inquiry is over and the officer is entitled to qualified immunity.

If the court determines that the conduct did violate a constitutional right, it then moves to the second step and asks "whether the right was clearly established" such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id. at 201-02. Even if the violated right was clearly established, qualified immunity shields an officer from suit when he makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances he confronted. Brosseau v. Haugen, 543 U.S. 194, 198 (2004); Saucier, 533 U.S. at 205-06. If "the officer's mistake as to what the law requires is reasonable... the officer is entitled to the immunity defense." Id. at 205.

Under the Fourth Amendment, officers may only use such force as is "objectively reasonable" under the circumstances. Graham v. Connor, 490 U.S. 386, 397 (1989). To determine whether the force used was reasonable, courts balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. Id. at 396. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Id. Because the reasonableness test is not capable of precise definition or mechanical application, its practical application requires careful attention to the facts and circumstances of each particular case, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.

In addition, the court's consideration of "reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about

Order Granting Motion for Summary Judgment
G:\PRO-SE\SJ.JF\CR.05\Jackson620msj.wpd                4

the amount of force that is necessary in a particular situation." Id. at 396-97.  Nor every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment.  Id. at 396.

Defendant has submitted his own declaration as well as the declaration of Officer Schlegel of the San Mateo Police Department, showing the following facts: On the date of the incident, January 21, 2005, Myers was standing next to his marked police car in his uniform on a street corner in San Mateo near two grocery stores where armed robberies had recently occurred. (Myers Decl, at 2.)  Plaintiff drove very slowly past Myers, and immediately after looking directly at him, "gunned the engine of his vehicle, sped up" and headed toward Highway 101.  (Id.) Plaintiff and others in Plaintiff's car fit the descriptions of the armed robbery suspects.  (Id.)  Suspecting them to be the robbers, Myers followed in his car, and saw them speeding at 50 to 55 miles per hour in a 35 mile-per-hour zone and run a stop sign.  (Id.)  When Plaintiff entered Highway 101, Myers turned on his emergency lights and siren and pursued Plaintiff; Officer Schlegel joined the chase in his car.  (Id.; Schlegel Decl. at 2.)  Traffic was heavy as it was approximately 5:25 p.m. on a weekday, and Plaintiff's car proceeded to swerve between lanes, enter and exit the shoulder, and approach 75-80 miles per hour, approximately 25 miles per hour faster than the rest of traffic, forcing other cars to veer out of the way.  (Myers Decl. at 2-3; Schlegel Decl. at 2.)

Myers pulled alongside Plaintiff's car on an off-ramp, and he pulled out his gun, held it alongside his chest and pointed it towards Plaintiff's car; he did not extend the gun outside the car, and did not fire it.  (Myers Decl. at 3-4.)  He put the gun back in the holster when Plaintiff returned to the shoulder and sped up again. (Id. at 4; Schlegel Decl. at 2.)  At the end of the off-ramp, Plaintiff passed several cars waiting at a red light, ran the red light and jumped over the concrete center median.  (Myers Decl. at 4.)  The car came to a stop, and the driver, Plaintiff, got out of the car and ran into some nearby bushes.  (Myers Decl. at 3.)  Myers did not chase

Order Granting Motion for Summary Judgment
G:\PRO-SE\SJ.JF\CR.05\Jackson620msj.wpd            5

Plaintiff on foot because Plaintiff was now in the jurisdiction of the City of Belmont, whose police officers later detained and arrested him. (Id.)

Under the circumstances described by Defendant, even when viewed in the light most favorable to Plaintiff, there was no seizure within the meaning of the Fourth Amendment. "A Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement . . . but only when there is a governmental termination of freedom of movement *through means intentionally applied*." Brower v. County of Inyo, 489 U.S. 593, 596-97 (1989) (emphasis in original). Thus, a police chase that leads to a suspect unexpectedly crashing his car does not, without more, amount to a Fourth Amendment seizure. Id. at 595-96. To be sure, in this case, Myers did more than chase Plaintiff's car; at one point he pulled up alongside the car and pointed his gun at it. However, Myers's pointing the gun at Plaintiff's car did not cause Plaintiff to stop, and quite to the contrary it caused Plaintiff to speed up and continue to flee. Plaintiff did not stop until he crashed over the concrete median at the end of the off-ramp, by which time Myers had put away the gun in his holster.[2] Plaintiff's stopping due to his crash at the end of a high-speed chase is the circumstance described by Brower as not constituting a seizure under the Fourth Amendment. See id.; compare id. at 598 (finding seizure occurred because suspect crashed into blockade erected by police to stop him); Robinson v. Solano County, 278 F.3d 1007, 1013 (9th Cir. 2002) (en banc) (finding seizure where suspect stopped walking toward officers when officers pointed gun at suspect's head at close range). As the "means intentionally applied" by Myers in this case, i.e. his chasing Plaintiff and pointing a gun at Plaintiff's car, did not "terminate [Plainitff's] freedom of movement," Brower, 493 U.S. at 597, there was no seizure in this case and thus no Fourth Amendment violation.

Moreover, even if there had been a seizure, under the circumstances described by Defendant, when viewed in the light most favorable to Plaintiff, the amount of force used

---

[2] According to the allegations in the second amended complaint and attachments thereto, Plaintiff's tire popped and he could not continue when he hopped the median.

Order Granting Motion for Summary Judgment
G:\PRO-SE\SJ.JF\CR.05\Jackson620msj.wpd        6

1   by Defendant was objectively reasonable.  See Scott v. Harris, 127 S.Ct. 1769
2   (2007).[3]  In Scott, the police officer engaged in a high-speed chase occurred after
3   seeing the plaintiff speeding, and the officer intentionally rammed plaintiff's car
4   with his bumper, crashing plaintiff's car and severely injuring plaintiff.  Id. at 1773.
5   The plaintiff sued the arresting officers alleging that they used excessive force to
6   arrest him in violation of the Fourth Amendment.  Id.  The United States Supreme
7   Court found the officer did not use excessive force under the circumstances, because
8   he was reasonably stopping an actual and imminent threat to the lives of any nearby
9   pedestrians, motorists, and officers.  Id. at 1778.

10   The same conclusion applies here.  Defendant believed that Plaintiff was the armed robbery suspect, Plaintiff ran a stop sign, entered into heavy, rush-hour traffic on a highway, driving 25 miles per hour faster than the flow of traffic at speeds up to 80 miles per hour, weaving in and out of lanes and the shoulder, and causing other cars to have to veer out of the way.  Plaintiff then ran a red light after getting off the highway, and crashed over a concrete median.  As in Scott, there is no question as to the imminent danger Plaintiff imposed upon pedestrians, motorists, the officers giving chase, and the passengers in Plaintiff's car, which included his infant child.  Accord id.  Moreover, Myers used considerably less force, by temporarily pointing his gun at Plaintiff's car from inside his car and without firing it, than the officer in Scott who rammed his car into the suspect's car and caused it to crash.  See id.  As a result, Myers's chasing Plaintiff and briefly pointing his gun at Plaintiff's car, even if it constituted a seizure, was objectively reasonable under these circumstances.  Accord id.

24   As noted, Plaintiff has not filed an opposition to the motion for summary

---

[3] While the test of reasonableness is often a question for the jury, this issue may be decided as a matter of law if, in resolving all factual disputes in favor of the plaintiff, the officer's force was "objectively reasonable" under the circumstances.  Jackson v. City of Bremerton, 268 F.3d 646, 651 n.1 (9th Cir. 2001).

Order Granting Motion for Summary Judgment
G:\PRO-SE\SJ.JF\CR.05\Jackson620msj.wpd                7

judgment. Although a plaintiff's factual allegations in a verified complaint, to the extent such allegations are based on plaintiff's personal knowledge and set forth specific facts admissible in evidence, may be treated as an opposing affidavit under Rule 56, see Schroeder v. McDonald, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995), in this case Plaintiff's second amended complaint was neither sworn nor verified. Thus, Plaintiff has presented no evidence in the record supporting his claims or disputing the evidence presented by Defendant.[4] Moreover, Plaintiff's account of Myers's involvement in the incident does not materially contradict Myers's account. The differences in Plaintiff's account concern whether he could perceive Myers's siren and lights before Myers pulled up alongside him. Plaintiff does not dispute Myers's account of the chase, the dangerous manner of Plaintiff's driving, and that he ultimately stopped his car when he crashed over the concrete median after popping a tire. As a result, even if Plaintiff's factual disputes with Myers could be considered in opposition to Defendant's motion, they do not affect whether or not Defendant's actions amounted to a seizure, or whether his use of force was reasonable under the circumstances.

---

[4] In the order of service, Plaintiff was cautioned as follows, pursuant to Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc):
> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

Order Granting Motion for Summary Judgment
G:\PRO-SE\SJ.JF\CR.05\Jackson620msj.wpd        8

Defendants are entitled to summary judgment based on Plaintiff's failure to meet his burden of proof under Celotex and show that there is a genuine issue for trial on his claim of excessive force under the Fourth Amendment. Defendant is entitled to qualified immunity because, even if the use of force amounted to a constitutional violation, it is clear that, in light of Scott, at a minimum a reasonable officer could properly believe that the use of force under these circumstances in this case would not violate a clearly established constitutional right. See Saucier, 533 U.S. at 201-02.[5]

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. Plaintiff's motion to strike Defendant's unspecified affirmative defense is DENIED. Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances.

The Clerk of Court shall terminate Docket Nos. 50, 53, and 59, enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: 9/12/08

JEREMY FOGEL
United States District Judge

---

[5] As this conclusion disposes of all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c). Such claims are DISMISSED without prejudice to Plaintiff's raising them in state court.